IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSE CLARK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:10cv466-WHA |
| | ) | |
| CITY OF MONTGOMERY, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion for More Definite Statement filed by the Defendant, the City of Montgomery, Alabama (Doc. #7).

The Plaintiff, Jesse Clark, originally filed his Complaint in the Circuit Court of Montgomery County, Alabama. The Plaintiff alleges that in May of 2008, he was placed in Montgomery City Jail for failure to pay fines. When he was placed in the jail, his prescription medications were not provided him. The Plaintiff states that he spent the night in jail, the following day he passed out, and was then admitted to Jackson Hospital. The Plaintiff's leg or ankle was broken, and he had surgery. The Plaintiff's family had to pay his fine in a lump sum of $1,000 to prevent the Plaintiff from being placed in jail when the hospital released him.

The Plaintiff brings claims for negligence/wantonness (Count I), violations of his rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1981 (Count II), negligent hiring, training, and supervision (Count III), and a claim labeled "duty of care/contract" (Count IV). The case was removed on the basis of federal question subject matter jurisdiction, the

Complaint having alleged violations of federal law.

The Defendant,[1] the City of Montgomery, has filed a Motion for More Definite Statement, challenging the Plaintiff's pleading of his claims.

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...."

The City claims that Count I does not specify the source of law on which it is based. Clark responds that Count I is a state law claim, adequately pled. The court agrees that no additional pleading is needed to clarify the source of law for the negligence and wantonness claims in Count I.

Count II cites the Fifth, Eighth, and Fourteenth Amendments, but does not specify violation of those amendments. The City states that it cannot determine whether the claims are procedural due process claims based on failure to provide medicine, being held without indictment, or excessive bail claims.

Clark clarifies in his response that Count II brings Fifth and Fourteenth Amendment due process claims and an Eighth Amendment claim, and that there is no excessive bail claim or claim based on being held without indictment. He apparently does not intend to pursue a claim for violation of 42 U.S.C. § 1981. Rather than rely on the clarification of his claims in brief, however, the court will allow Clark additional time in which to state the facts upon which he relies for each constitutional claim, and to separately state those claims. *See Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir.1996) ("Where,

---

[1] Fictitious parties named in the caption of the Complaint are due to be dismissed.

as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b).")

The City finally challenges the pleading of Count III stating that it does not allege how hiring or supervision were lacking, or which employee was the subject of negligent hiring and supervision.  In his response, Clark concedes that Count III is due to be re-pled and asks for 14 days to file a more definite statement as to Count III.

For the reasons set forth, the Motion for More Definite Statement (Doc. #7) is due to be and is hereby DENIED as to Count I, and GRANTED as to Counts II and III.

The Plaintiff is given until **August 6, 2010** to file an Amended Complaint consistent with this Memorandum Opinion and Order.  Any Amended Complaint must be complete unto itself, and not incorporate allegations from the original Complaint.  *See* Local Rule 15.1.

Done this 22nd day of July, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE