**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JESSE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:10cv466-WHA |
| | ) | |
| CITY OF MONTGOMERY, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This case is before the court on a Motion for Summary Judgment filed by the Defendant, the City of Montgomery, on January 28, 2011 (Doc. #15).

The Plaintiff, Jesse Clark ("Clark"), filed a Complaint in the Circuit Court of Montgomery County, Alabama on May 25, 2010.   The case was removed by the Defendant, the City of Montgomery ("the City"), on the basis of federal question subject matter jurisdiction. The court has federal question subject matter jurisdiction over the federal law claims and supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367.

The City filed a Motion for More Definite Statement, which was granted in part by the court.  Clark subsequently filed an Amended Complaint bringing state law claims of negligence/wantonness (Count I), and federal claims for violation of his Fifth, Eighth and Fourteenth Amendment rights (Count II).

The case arises out of injuries sustained by Clark in May 2008, while he was serving a sentence of jail time in the Montgomery Municipal Jail for failing to pay fines.

The City has moved for summary judgment as to all claims.  For the reasons discussed

below, summary judgment is due to be GRANTED as to the federal claims, and the court

declines to exercise jurisdiction over the state law claims, and those claims are due to be

remanded to state court.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and  . . .

the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of

informing the district court of the basis for its motion," relying on submissions "which it believes

demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party

has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a

genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is

genuinely disputed, must support their assertions by "citing to particular parts of materials in the

record," or by "showing that the materials cited do not establish the absence or presence of a

genuine dispute, or that an adverse party cannot produce admissible evidence to support the

fact."  Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include

"depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory

answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is

some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

## III.  DISCUSSION

The City has moved for summary judgment as to both the state and federal claims asserted by Clark.  As to the federal claims, the City argues that Clark has failed to demonstrate any liability for claims brought under § 1983 because he has not established a policy or custom. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001).  The City has also moved for summary judgment on the merits of each of the § 1983 claims alleged in the Amended Complaint, and has presented supporting evidence.

Clark concedes that he cannot meet the standard of proof required by the federal case law as to his § 1983 claims.  *See* Doc. #18 at p. 2.

The court has reviewed all of the evidentiary materials presented and is satisfied that there is no genuine dispute as to any material fact relevant to Clark's federal claims.  *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).   Accordingly, the court will grant summary judgment to the City on Clark's federal claims because there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

The City has moved for summary judgment on Clark's state law claims on the basis that

no employee or agent of the City has been identified as causing Clark's injuries.  Clark urges the court to conclude, based on state law, that he is excused from identifying the persons reasonable for the negligence or wantonness he alleges occurred in this case.

A district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)  The Eleventh Circuit has noted that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos,* 166 F.3d 1114, 1119 (11th Cir. )(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)), *cert. denied*, 528 U.S. 820 (1999).

In this case, summary judgment is due to be granted as to all of the federal claims over which this court has original jurisdiction.  Additionally, in support of, and in opposition to, the motion for summary judgment, the parties have raised issues requiring an interpretation of state law which should be left to the state courts.  Therefore, the court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c).

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Summary Judgment is GRANTED as to the federal claims in Count II of the Amended Complaint.

The court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), over the state law claims in Count I, and those claims are due to be remanded to state court.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 2nd day of March, 2011.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE